4

United States District Court
Southern District of Texas
FILED

MAY 1 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROSE GARZA, §
§
    Plaintiff, §
§
vs. §                    Civil Action No. B-01-018
§                    (JURY REQUESTED)
§
FEDERAL EXPRESS CORPORATION, §
§
    Defendant. §
§

## DEFENDANT FEDEX's
## ORIGINAL ANSWER & AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S COMPLAINT

Federal Express ("FedEx"), pursuant to FED R. CIV. P. 8(b), files this its Original

Answer & Affirmative Defenses to Plaintiff's Original Complaint filed by Plaintiff Rose

Garza ("Complaint"), and states as follows:

### A.     Parties

1.     Responding to the allegations in paragraph 1 of the Complaint, FedEx

admits, based upon information and belief that Plaintiff is a resident of Harlingen,

Cameron County, Texas. FedEx denies all remaining allegations in paragraph 1 of the

Complaint.

2.     FedEx admits the allegations in paragraph 2 of the Complaint.

### B.     Jurisdiction

3.     Responding to the allegations in paragraph 3 of the Complaint, this is not

an averment for which a response is required or proffered. Alternatively, FedEx denies

that it committed any unlawful employment practice in violation of Title VII of the Civil

Rights Act of 1964 as amended, 42 U.S.C. 2000e *et seq.* ("Title VII"), or that it violated

-1-

any other federal or state law (statutory or common law) with regard to any term or condition of Plaintiff's employment. FedEx generally denies all remaining averments in this paragraph of the Complaint.

C.     Factual Allegations

4.     Responding to the allegations in paragraph 4 of the Complaint, this is not an averment for which a response is required or proffered. Alternatively, FedEx denies that it committed any unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e *et seq.* ("Title VII"), or that it violated any other federal or state law (statutory or common law) with regard to any term or condition of Plaintiff's employment, including intentional infliction of emotional distress. FedEx generally denies all remaining averments in this paragraph of the Complaint.

5.     Responding to the allegations in paragraph 5 of the Complaint, FedEx admits that Plaintiff began as a courier at FedEx, working part time. FedEx also admits that it is a worldwide shipping company that delivers packages and freight via air express delivery through a fleet of trucks. Finally, FedEx admits that Plaintiff received commendations for her work. FedEx generally denies all remaining averments in this paragraph of the Complaint.

6.     FedEx denies the allegations in paragraph 6 of the Complaint.

7.     Responding to the allegations in paragraph 7 of the Complaint, FedEx admits that Ms. Leticia Gonzalez was Plaintiff's Senior Manager. FedEx also admits that Plaintiff had what Plaintiff calls "a personal relationship with a male co-worker," and that this relationship was consensual. FedEx generally denies all remaining averments in this paragraph of the Complaint.

-2-

8.      Responding to the allegations in paragraph 8 of the Complaint, FedEx admits that Plaintiff mis-routed a package, for which she was disciplined. FedEx also admits that other employees mis-routed packages, for which they were disciplined. FedEx generally denies all remaining averments in this paragraph of the Complaint.

9.      Responding to the allegations in paragraph 9 of the Complaint, FedEx admits that Plaintiff utilized FedEx's internal grievance procedure. FedEx also admits that Plaintiff was reinstated as a result of FedEx's internal grievance procedure. FedEx also admits that Plaintiff was required to take what FedEx calls a "Job Knowledge Test," and that Plaintiff failed this test. FedEx also admits that Plaintiff was permitted to take the "Job Knowledge Test" again, and that Plaintiff failed this test again. FedEx also admits that if a FedEx employee fails the "Job Knowledge Test," that employee may return to his or her former position, subject to availability.  FedEx also admits that if the former position is no longer available, then the employee may be placed on a 90-day leave of absence, during which time the employee is given an opportunity to submit job change applications. FedEx generally denies all remaining averments in this paragraph of the Complaint.

D.      Administrative Procedures/Conditions Precedent

10.     Responding to the allegations in paragraph 10 of the Complaint, FedEx admits that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which was dual filed with the Texas Commission on Human Rights, on or about October 11, 1999, which is within 300 days of Plaintiff termination date of September 21, 1999. FedEx also admits that the U.S. Equal Employment Opportunity Commission sent out a "right-to sue" letter on or about October 27, 2000.

Finally, FedEx admits that Plaintiff filed suit on January 29, 2001. Because the time between October 27 and January 29 exceeds 90 days, FedEx specifically denies that all conditions precedent to the filing of this lawsuit have been met. FedEx generally denies all remaining averments in this paragraph of the Complaint.

E.      Employment Discrimination Based on Sex

Title VII of the Civil Rights Act

11.     Responding to the allegations in paragraph 11 of the Complaint, FedEx admits that Plaintiff is female, and that her gender constitutes a protected class under Title VII. FedEx denies, however, that it committed any unlawful employment practice against Plaintiff on account of her gender. FedEx generally denies all remaining averments in this paragraph of the Complaint.

12.     FedEx admits the allegations in paragraph 12 of the Complaint.

13.     Responding to the allegations in paragraph 13 of the Complaint, FedEx denies that it committed any unlawful employment practice against Plaintiff on account of her gender. FedEx generally denies all remaining averments in this paragraph of the Complaint.

14.     Responding to the allegations in paragraph 14 of the Complaint, FedEx denies that it committed any unlawful employment practice, vicariously or otherwise, against Plaintiff on account of her gender. FedEx generally denies all remaining averments in this paragraph of the Complaint.

F.      Count 2: Retaliation

15.     Responding to the allegations in paragraph 15 of the Complaint, FedEx denies that it committed any unlawful employment practice against Plaintiff in violation

-4-

of Section 704 of Title VII. FedEx generally denies all remaining averments in this paragraph of the Complaint.

### G.    Count 3: Intentional Infliction of Emotional Distress

16.    Responding to the allegations in paragraph 16 of the Complaint, FedEx denies that it intentionally inflicted emotional distress upon Plaintiff in violation of Texas state common law. FedEx generally denies all remaining averments in this paragraph of the Complaint.

### H.    Damages

17.    Responding to the allegations in paragraph 17 of the Complaint, including subparts (a) through (d) thereof, FedEx denies that Plaintiff is entitled any of the relief requested therein, or any other relief arising from the conduct of FedEx. FedEx generally denies all remaining averments in this paragraph of the Complaint.

### I.    Attorney Fees

18.    Responding to the allegations in paragraph 18 of the Complaint, FedEx denies that Plaintiff is entitled any of the relief requested therein, or any other relief arising from the conduct of FedEx. FedEx generally denies all remaining averments in this paragraph of the Complaint.

19.    Responding to the allegations in the paragraph of the Complaint beginning with the words "WHEREFORE," including all subparts thereof, FedEx denies that Plaintiff is entitled any of the relief set forth therein, or any other relief arising from the conduct of FedEx. FedEx generally denies all remaining averments in this paragraph of the Complaint.

20.     FedEx generally denies all averments contained in the Complaint, except such designated averments that are either expressly admitted or otherwise qualified hereinabove.

## AFFIRMATIVE DEFENSES

FedEx, pursuant to Fed. R. Civ. P. 8(c), would show the following:

21.     FedEx affirmatively asserts that the Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

22.     FedEx affirmatively asserts that any incident or occurrence forming the basis of Plaintiff's claim(s) for relief from alleged discrimination that arose more than 300 days prior to the filing of the predicate charge of discrimination with either the U.S. Equal Employment Opportunity Commission or any deferral agency (*e.g.*, the Texas Commission on Human Rights) is time barred and must be dismissed.

23.     FedEx affirmatively asserts that any allegations that may be brought in this action are limited only to those allegations (a) which are like or related to those found in the charge filed by Plaintiff, and which (b) resulted in either the U.S. Equal Employment Opportunity Commission or any deferral agency issuing a "right-to-sue" letter.

24.     FedEx affirmatively pleads all applicable statutes of limitations.

25.     FedEx affirmatively asserts that Plaintiff's claims for relief are barred, either in whole or in part, by the doctrine of laches.

26.     FedEx affirmatively asserts that Plaintiff's damages, if any, are limited, either in whole or in part, by the after-acquired evidence doctrine.

-6-

CVisPDF - www.fesika.com

27.     With regard to Plaintiff's claim under Texas state common law for intentional infliction, FedEx affirmatively asserts that the Texas Workers' Compensation Act provides the sole remedy.

28.     Plaintiff has failed to mitigate her damages.

29.     With regard to Plaintiff's retaliation claim, FedEx affirmatively asserts that any alleged "opposition" to what Plaintiff may have perceived as an unlawful employment practice must be balanced against the interest of the employer in running its business.

30.     With regard to Plaintiff's discrimination (harassment) claim, FedEx affirmatively asserts that it exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior

31.     With regard to Plaintiff's discrimination (harassment) claim, FedEx affirmatively asserts that the Plaintiff failed to take advantage of any preventive or corrective opportunities provided by FedEx or to avoid harm otherwise.

32.     FedEx affirmatively asserts that the standard by which its conduct is to be evaluated for determining the amount of punitive damages, if any, is vague and wholly arbitrary, and, as such, supplies no notice to FedEx of the potential repercussions of its conduct, thereby denying it due process under the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as Article I, Section 19 of the Texas Constitution

33.     FedEx affirmatively asserts that any request for punitive damages and/or the subsequent imposition of punitive damages violates FedEx's rights under the Fifth, Sixth, Eighth, and Fourteenth to the United States Constitution, as well as Article I, Section 13 and 14 of the Texas Constitution.

34.     FedEx affirmatively asserts its rights under *Christiansburg* and its progeny to recover its reasonable attorneys fees in connection with its defense of this action.

35.     With regard to any exemplary damages arising from claims brought under Texas law, including Plaintiff's claim for intentional infliction, FedEx affirmatively asserts that such damages are precluded and/or limited by the provisions in Chapter 41 of the Texas Civil Practice and Remedies Code.

### Request for Relief

WHEREFORE, FedEx prays that upon final trial hereon, Plaintiff take nothing of and from FedEx, and that FedEx be full any finally discharged with its costs, together with such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

Wade A. Forsman
Attorney-in-Charge
Texas State Bar No. 07264257
S. Dist. of Tex. Bar No. 12872

Senior Attorney, Litigation
FedEx Express
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN  38125
(901) 434-8548 [tele.]
(901) 434-9278 [fax]
waforsman@fedex.com

**OF COUNSEL:**

Joseph A. ("Tony") Rodriguez
Texas State Bar No. 17146600
Federal Bar No. 10107
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, TX  78520
(956) 542-7441 [tele.]
(956) 541-2170 [fax]

ATTORNEYS FOR DEFENDANT FEDERAL EXPRESS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of Defendant FedEx's Answer and Affirmative Defenses to Plaintiff's Original upon the following attorney of record, on this the 15th day of May, 2001, as set forth below:

**Via Certified Mail, Return Receipt Requested,
No. Z 196 166 076 & First-Class Mail**

Miguel Salinas, Esq.
Garza & Salinas, LLP
680 E. St. Charles, Suite 110
Brownsville, TX 78520

ATTORNEY FOR PLAINTIFF

_____
Wade A. Forsman

-10-