


United States District Court
Southern District of Texas
FILED

AUG - 6 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| ROSE GARZA | { |
| | { |
| V. | { |
| | { CIVIL ACTION NO. B-01-018 |
| FEDERAL EXPRESS CORP. | { |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting was held between Mike Salinas, Counsel for Plaintiff, and Juan Gonzalez of Adams & Graham, of counsel for Defendant via telephone on August 3, 2001.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   Plaintiff brings the case pursuant to Title VII of the Civil Rights Act of 1964 as amended U.S.C. Section 2000e. Jurisdiction is proper based upon diversity of citizenship.

4. Name the parties who disagree and the reasons.

   Defendant disagrees that it committed any unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. 2000e et. seq. ("Title VII").

5. List anticipated additional parties that should be included, when they can be added and by whom they are wanted.

   None anticipated.

6.    List anticipated interventions.

      None anticipated.

7.    Describe class-action issues.

      None.

8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      The parties have not made initial disclosures but are in the process gathering relevant materials. The parties will make initial disclosures by August 16, 2001.

9.    Describe the proposed agreed discovery plan, including:

    A.    Responses to all matters raised in Rule 26(f).

      <u>Rule 26(f)(1)</u>

          The parties have not made initial disclosures but are in the process of gathering responsive materials and will provide disclosures by August 16, 2001.

      <u>Rules 26(f)(2)</u>

          The parties will need discovery related to the Plaintiff's claims of wrong doing on the part of Defendant. Discovery specifically related to Plaintiff's claims concerning employment discrimination based on sex, alleged violations of Title VII of the Civil Rights Act, retaliation, intentional infliction of emotional distress and Plaintiff's damages will be necessary.

      <u>Rule 26(f)(3)</u>

          None currently anticipated.

      <u>Rule 26(f)(4)</u>

          No orders are requested.

    B.    When and to whom the Plaintiff anticipates it may send interrogatories.

      Plaintiff anticipates sending interrogatories to the corporate defendant.

    C.    When and to whom the Defendant anticipates it may send interrogatories.

        Defendant reserves the right to serve Plaintiff with Interrogatories, Request for Production, and Request for Admissions. Defendant anticipates serving same by September 6, 2001.

    D.    Of whom and by when the Plaintiff anticipates taking oral depositions.

        The Plaintiff anticipates taking the deposition of a corporate representative for defendant, possibly a Human Resources person and Plaintiff's former supervisor. Plaintiff anticipates completing the depositions by May 15, 2002.

    E.    Of whom and by when the Defendant anticipates taking oral depositions.

        Defendant anticipates taking depositions of Plaintiff Rose Garza, Plaintiff's experts, if any; one or more witnesses/employees with knowledge of the practices and policies in question, witnesses who purportedly have knowledge of Plaintiff's claims of discrimination, retaliation, intentional infliction of emotional distress and concerning damages, if any, and other issues relevant. Defendant anticipates completing these depositions by May 15, 2002.

    F.    List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Plaintiff does not anticipate designating experts at this time. The only depositions Plaintiff anticipates taking will be of Defendant's experts.

    G.    List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Defendant anticipates taking depositions of experts on the elements, nature and amount of damages and any expert designated by the Plaintiff. Defendant anticipates that the depositions of these experts can be completed by May 15, 2002.

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

        There is no disagreement.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

        None, as of yet, but both parties will exchange Interrogatories and Request for Production.

12. State the date the planned discovery can reasonably be completed.

    May 15, 2002.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Plaintiff and Defendant believe that Mediation may provide a prompt resolution of this matter.

14. Described what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiff and Defendant believe that Mediation may provide a prompt resolution of this matter.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Plaintiff and Defendant believe that Mediation may provide a prompt resolution of this matter.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties are agreeable to proceeding before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    A jury demand has been made and it was made on time.

18. Specify the number of hours it will take to present the evidence in this case.

    For the Plaintiff's case: 14-21 hours.
    For the Defendant's case: 15-20 hours.
    For the Defendant's rebuttal case: 5-10 hours.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

20. List other motions pending.

    None at this time.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Carl K. Morrison
    Tennessee Bar No. 16824
    Fedral Express Corporation
    3620 Hacks Cross Road
    Building B, 3rd Floor
    Memphis, TN 38125
    Telephone: 901/434-8552
    Facsimile: 901/434-9279

    Jaime Balli
    Federal I.D. No. 15130
    State Bar No. 01657980
    Juan A. Gonzalez
    Federal I.D. No. 3472
    State Bar No. 08129310
    **ADAMS & GRAHAM, L.L.P.**
    222 E. Van Buren, West Tower
    Harlingen, TX 78550
    P. O. Drawer 1429
    Harlingen, TX 78551-1429
    Telephone: 956/428-7495
    Facsimile: 956/428-2954

    Miguel Salinas
    Federal I.D. No. 15171
    State Bar No. 17534750
    **GARZA & SALINAS, L.L.P.**
    680 E. St. Charles, Suite #110
    Brownsville, TX 78520
    Telephone: 956/574-9502
    Facsimile: 956/574-9506

Respectfully Submitted,

By: *Mike Salinas*   w/ permissi=
Miguel Salinas                    J.B.
Federal I.D. No. 15171
State Bar No. 17534750
**GARZA & SALINAS, L.L.P.**
680 E. St. Charles, Suite #110
Brownsville, TX 78520
Telephone: 956/574-9502
Facsimile: 956/574-9506
ATTORNEY FOR PLAINTIFF

By: _____
Carl K. Morrison, Esq.
Tennessee Bar No. 16824
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee 38125
(901) 434-8552
(901) 434-9279 FAX
ATTORNEY IN CHARGE

Jaime Balli
Federal I.D. No. 15130
State Bar No. 01657980
Juan A. Gonzalez
Federal I.D. No. 3472
State Bar No. 08129310
**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
Harlingen, TX 78550
P. O. Drawer 1429
Harlingen, TX 78551-1429
Telephone: 956/428-7495
Facsimile: 956/428-2954

OF COUNSEL
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 6th day of August, 2001, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, ROSE GARZA:

Miguel Salinas
**GARZA & SALINAS, L.L.P.**
680 E. St. Charles, Suite #110
Brownsville, TX 78520



Jaime Balli

[3-fmg]; C:\FILES\F\F0542\CASEPLAN.01

Page 7 of 7