1 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 0 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSE GARZA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-018 |
| | § | |
| FEDERAL EXPRESS CORP. | § | |

---

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION TO COMPEL DISCOVERY RESPONSES

---

### INTRODUCTION

Defendant, Federal Express Corporation, hereby files its Memorandum in Support

of Defendant's Motion to Compel. This Court should compel Plaintiff to provide

responses to Defendant's Interrogatories and Requests for Production of Documents

pursuant to Fed. R. Civ. P. 37(a).

### ARGUMENT

**I.** **This Court Should Compel Plaintiff to Respond to Defendant's
Interrogatories and Requests for Production of Documents, Pursuant To
Fed. R. Civ. P. 37(a).**

Fed. R. Civ. P. 37(a) provides, in pertinent part:

> A party, upon reasonable notice to other parties and all
> persons affected thereby, may apply for an order
> compelling disclosure or discovery as follows:
>
> * * *
>
> (B) If a deponent fails to answer a question propounded or
> submitted under Rule 30(b)(6) or 31(a), or a party fails to
> answer an interrogatory submitted under Rule 33, or if a
> party, in response to a request for inspection submitted
> under Rule 34, fails to respond that inspection will be

permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. . . .

### A.  Plaintiff Should Be Compelled To Provide Responses to Defendant's Written Discovery Requests.

Defendant served its First Set of Interrogatories and its First Request for Production of Documents on Plaintiff's counsel on September 10, 2001, over six months ago. *See* Defendant's First Set of Interrogatories to Plaintiff and Defendant's First Request for Production of Documents, attached collectively hereto as Exhibit 1.

Defendant's counsel has conferred with Plaintiff's counsel by letter on two separate occasions, in an attempt to obtain Plaintiff's responses without Court intervention. *See* December 4, 2001 and March 11, 2002 letter from the undersigned to Miguel Salinas, attached hereto as Exhibits 2 and 3. In the March 11 letter, counsel for Defendant informed Plaintiff's counsel that a motion to compel would be filed if Plaintiff's discovery responses were not received by March 25, 2002. See Exhibit 3. As of April 1, 2002, Defendant has received no discovery responses and in fact no contact from Plaintiff's counsel whatsoever.[1]

---

[1] When Plaintiff's counsel's failure to serve responses is coupled with the fact that no appearance was made on behalf of Plaintiff at the Court-ordered Initial Scheduling Conference, it appears that Plaintiff does not intend to prosecute this action at all.

Accordingly, Defendant requests that this Court order Plaintiff to respond to

Defendant's First Interrogatories and First Request for Production of Documents within

ten (10) days of this Court's Order.

**II.    This Court Should Award Defendant Its Expenses In Filing This Motion Pursuant To Rule 37(a)(4).**

Fed. R. Civ. P. 37(a)(4) provides, in part:

> If the motion is granted or if the disclosure of the requested
> discovery is provided after the motion was filed, the court
> shall, after affording an opportunity to be heard, require the
> party or deponent whose conduct necessitated the motion or
> the party or attorney advising such conduct or both of them
> to pay to the moving party the reasonable expenses
> incurred in making the motion, including attorney's fees,
> unless the court finds that the motion was filed without the
> movant's first making a good faith effort to obtain the
> disclosure or discovery without court action, or that the
> opposing party's nondisclosure, response, or objection was
> substantially justified, or that other circumstances make an
> award of expenses unjust.

Here, Defendant's counsel has been accommodating of Plaintiff's total

unresponsiveness almost to the point of jeopardizing Defendant's ability to timely

complete discovery.  Plaintiff's counsel has had over six months to respond to

Defendant's discovery requests.  Plaintiff's dilatory tactics have no substantial

justification, and an award of expenses to Defendant is appropriate under the

circumstances present here.  Thus, Defendant requests that this Court enter an Order

granting Defendant's motion for the expenses incurred in filing this motion, with

Defendant to submit an itemized bill of said expenses within 10 days of entry of this

Court's Order.

## CONCLUSION

For the foregoing reasons, this Court should grant Federal Express' Motion to Compel. Defendant further requests that this Court grant its request for the fees and expenses incurred in filing this motion.

Respectfully submitted,

Carl K. Morrison, Esquire
Tennessee Bar No. 16824
Federal Express Corporation
Legal Department
Building B, 3rd Floor
3620 Hacks Cross.
Memphis, TN 38125
Telephone: (901) 434-8552
Facsimile: (901) 434-9279

ATTORNEY IN CHARGE

Jaime Balli
Federal I.D. No. 15130
State Bar No. 01657980
ADAMS & GRAHAM, LLP
222 E. Van Buren, West Tower
Harlingen, Texas 78550
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

OF COUNSEL

ATTORNEYS FOR DEFENDANT
FEDERAL EXPRESS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MEMORANDUM IN SUPPORT**

**OF DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES** has been

served on the following counsel of record by depositing same in the United States Mail,

first class, postage prepaid, this 1st day of April, 2002:

Miguel Salinas
GARZA & SALINAS, LLP
680 E. St. Charles, Suite 110
Brownsville, Texas 78520

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSE GARZA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-018 |
| | § | |
| FEDERAL EXPRESS CORP. | § | |

---

### DEFENDANT FEDERAL EXPRESS CORPORATION'S FIRST SET OF INTERROGATORIES AND COMPANION REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

---

Defendant, Federal Express Corporation, (hereinafter "FedEx Express" or "Defendant") pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby serves upon Plaintiff this Set of Interrogatories and Companion Requests for Production of Documents.

Each Interrogatory seeks information and each Request seeks documents available to Plaintiff, Plaintiff's attorney(s), Plaintiff's agent(s) and all persons acting for or on behalf of Plaintiff. The Answers to the Interrogatories should include all information in the possession of Plaintiff, Plaintiff's attorney(s), agent(s) and all persons acting for or on behalf of Plaintiff, not merely such information as is known of Plaintiff's personal knowledge. Likewise, Responses to the Requests for Production of Documents should include all documents sought that are in the possession, custody or control of Plaintiff, Plaintiff's attorney(s), agents and all persons acting for or on behalf of Plaintiff, not merely such documents as are in Plaintiff's possession, custody or control.



Those documents, the production of which is requested pursuant to Rule 34 of the Federal Rules of Civil Procedure, should be produced for inspection and/or copying at the offices of Jaime Balli of Adams & Graham, LLP, 222 E. Van Buren, West Tower, Harlingen, Texas 78550, at a mutually agreed upon time. In lieu thereof, Plaintiff may forward a clear, complete, unaltered and fully accurate photocopy of the original of each requested document to her Response, provided the photocopy is appropriately marked to identify the Request to which it is responsive, to Carl K. Morrison, FedEx Express, 3620 Hacks Cross Road, Bldg. B, 3rd Fl., Comat 7103, Memphis, TN 38125.

If any of the documents requested cannot be produced in full, Plaintiff should produce such documents to the extent available while specifying the reason Plaintiff is unable to otherwise more fully produce such document. If Plaintiff objects to producing any documents on the basis of work product or attorney-client privilege, Plaintiff should provide an appropriate privilege log.

The Interrogatories which follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplementary answers thereto, such additional information as Plaintiff or any other person acting on her behalf may hereafter obtain which will augment or otherwise modify her answers now given to the interrogatories below. Such supplementary responses are to be filed and served upon defendant within thirty (30) days after receipt of such information and in no event later than twenty (20) days prior to the date set for the trial in this cause.

## DEFINITIONS

Whenever used in these Interrogatories and Requests, the following definitions shall apply:

A.    As used herein, the word "document" includes all "documents," including the original and all non-identical copies of all tangible things within the meaning of Rule 34, Federal Rules of Civil Procedure, and any handwritten, printed, typewritten, recorded or graphic matter produced or reproduced, or formerly in the possession, custody, control or accessible to Plaintiff, Plaintiff's agents, persons acting for or on behalf of Plaintiff and counsel for Plaintiff in this action. Without limiting the generality of the foregoing, the word "document" also includes all correspondence, memoranda, stenographic or handwritten notes, files, minutes, instructions, studies, analyses, reports, bylaws, written statements, affidavits, information and data stored on any computer readable medium without limitation, computer programs, and data of every description, including carbon, photostatic, microfilm, photographic copies or other copies or reproductions of the same, as well as any videotapes and voice recordings, on any medium whatsoever and however made and all copies of the aforesaid on which have been placed any additional marks or notations.

B.    As used herein, the word "identify" shall have the following meanings:

1.    When used in reference to a natural person, the term "identify" means to state (a) his/her full name and last known address; (b) last known place of employment and address thereof; and (c) that person's last known position and business affiliation, or place of employment including name, address and telephone number at the time when the events, communications or transactions referred to in the Interrogatory or Request transpired, as well as on the date of the Responses to these Interrogatories and Requests for Production.

3

2.    When used in reference to a corporation and any entity other than a natural person, the term "identify" means to state: (a) such entity's full name and last known address and telephone number; and (b) the name and position title of a managing agent or other manager or supervisor of such entity on the dates when the events, communications or transactions referred to in the Interrogatory or Request transpired, as well as on the date of the Responses to these Interrogatories and Requests for Production.

3.    When used in reference to a document, the term "identify" means to state: (a) its date; (b) its author and the person to whom it was directed (if any); (c) the type of document (e.g. letter, memorandum, telegram, chart, photograph, sound reproduction, etc.); (d) the heading or title at the beginning of the document (if any); (e) its present location, and each of its present custodians; and (f) a detailed summary of the contents of such document.

If any document was, but no longer is, in the possession, custody or subject to the control of the Plaintiff or in existence, state whether: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; (d) it has been otherwise disposed of; and in each instance, explain the circumstances surrounding the disposition thereof and state the date or approximate date of such disposition. In lieu of a summary of the contents of a document, as required by this instruction, you may furnish, simultaneously with the filing of Answers to these Interrogatories, as an exhibit thereto, a document or a complete, unaltered and fully accurate photocopy of such document. In the event that you choose to produce such photocopy in lieu of the summarizing its contents, the Answer to the Interrogatory requiring such summary should so state.

4

4.      When used in reference to an oral communication, the term "identify" means to state all of the following: (a) the date on which it occurred, including the time of day, if known; (b) the persons by whom and to whom such communication was made; (c) where the persons by and the person to whom such communication was made were located at the time of such communication; (d) all other persons who were or might have been present at the time of such communication or who heard or may have heard such communication; (e) whether such communication was by telephone or in person; and (f) give a detailed summary of the contents of such communication.

5.      When used in reference to an occurrence, the term "identify" means to state all the following: (a) the date on which it occurred, including the time of day; (b) the location where the occurrence took place; (c) the names of all FedEx Express employees who took an active part in the occurrence, including a description of the action taken or the role played by each employee; (d) the names of all individuals, including the most current address and telephone numbers of any non-employee witnesses, who witnessed or have knowledge of the occurrence; and (e) a detailed narration of the occurrence, including any circumstances leading up to or causing the event and any consequences which adversely affected the Plaintiff.

C.      The words "you," "yours," and "Plaintiff" refer to Plaintiff, Plaintiff's attorney(s) and Plaintiff's agents, employees or representatives.

D.      The word "Complaint" refers to the Complaint filed in this action.

5

## INTERROGATORIES

**INTERROGATORY NO. 1**:        State the identity of each person you expect to call as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony.

**ANSWER:**


**INTERROGATORY NO. 2:**        For each expert witness identified in the prior interrogatory, state the substance of the facts and opinions to which the expert is expected to testify and provide a summary of the grounds for each opinion.

**ANSWER:**


**INTERROGATORY NO. 3:**        Beginning with high school, please provide your educational background, including name of school, address, date of attendance, and whether you graduated.

**ANSWER:**


**INTERROGATORY NO. 4:**        Please state the name, address and telephone number of any individual who has knowledge or information relating to the claims in your lawsuit.

**ANSWER:**


**INTERROGATORY NO. 5:**        For    each    individual    identified    in Interrogatory No. 4, please set forth the information you believe each individual

possesses and identify the last time you spoke to each individual and whether you have asked him or her to testify on your behalf.

**ANSWER:**

**INTERROGATORY NO. 6:**    Please identify all physicians, doctors, hospitals, or therapists from whom you have received treatment.    Include in your response address(es) and phone number(s).

**ANSWER:**

**INTERROGATORY NO. 7:**    For each individual or entity identified above, please set forth the dates of treatment and the treatment received.

**ANSWER:**

**INTERROGATORY NO. 8:**    State the amount of damages you demand from FedEx by category, stating the basis for each claim.

**ANSWER:**

**INTERROGATORY NO. 9:**    Identify each document you contend supports or tends to support your claim for monetary relief or monetary damages and the factual basis for your contentions, separately described and with respect to each document so identified, how you claim it supports or tends to support your monetary claim.

**ANSWER:**

7

**INTERROGATORY NO. 10:**   Identify all individuals that you intend to call to testify on your behalf at the trial in this matter and the substance of what you expect their testimony to be.

**ANSWER:**

**INTERROGATORY NO. 11:**   Identify all companies and/or persons to whom you have applied for employment since your employment with Defendant ended, and for each such person/company, specify the dates of each application, job title sought, compensation sought, whether a position was offered, and the terms of the offer.

**ANSWER:**

**INTERROGATORY NO. 12:**   Identify any and all offers of employment that have been refused by Plaintiff. For each offer, state as follows:

    (1)    Title of position and job duties;

    (2)    Name and address of company or organization from which offer was received;

    (3)    Name of person offering the position;

    (4)    Salary and benefits of position offered; and

    (5)    Why position was refused.

**INTERROGATORY NO. 13:**   From the date of Plaintiff's first full time employment to the present (this includes self-employment), state:

(a)    The name and address of each of your employers and the inclusive date(s) of such employment;

(b)    A description of the duties you performed for each employer listed in subparagraph (a) above, including:

(1) Job titles(s);

(2) Rate(s) of pay and total gross compensation;

(3) Reason(s) for and date(s) of any changes in compensation;

(4) Name(s) of supervisor(s); and

(5) Length of service.

(c)    The reasons you left each of the employers listed in subparagraph (a) of this Interrogatory. This answer should include a statement of whether you were terminated from employment voluntarily or were asked to resign.

**INTERROGATORY NO. 14:**    State whether Plaintiff has ever filed a bankruptcy action. If so, state as follows:

(a)    Date of action(s);

(b)    Where action(s) was filed;

(c)    Docket number or matter number assigned;

(d)    Type of bankruptcy, e.g. Chapter 7, Chapter 11, Chapter 13; and

(e)    Date of discharge (if applicable).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**  Produce for inspection and photocopying any and all documents, reports, statistical analyses, data bases, studies, investigations, statistical compilations and computations or reports prepared by or at the direction of each such expert or consultant whom Plaintiff expects to call as a witness at the trial and any and all documents upon which any such expert or consultant whom Plaintiff expects to testify at the trial intends to rely upon to formulate any opinion for or on Plaintiff's behalf or upon which such expert or consultant  has relied upon to prepare any such report, study, investigation, analysis or statistical compilation or computation.

**RESPONSE:**

**REQUEST NO. 2:**  Each and every document, including pay slips, payroll checks, stubs, items or other things reflecting any payment, compensation, and remuneration which Plaintiff has received or that has been paid to or for Plaintiff or on Plaintiff's behalf for Plaintiff's benefit from whatever source from any business, person or entity by whom Plaintiff has been employed, including any earnings generated by reason of self-employment for work or services that Plaintiff performed from and after the day on which she last worked for FedEx up to and including the date of her Response to this Request. This includes all W-2 forms and all other documentation that reflect any compensation or earnings, including but not limited to any unemployment compensation which Plaintiff has received or is due to receive.

**RESPONSE:**

**REQUEST NO. 3:**    Copies of any state and federal income tax returns filed by Plaintiff or on Plaintiff's behalf whether filed by Plaintiff individually or jointly from 1997 to the present.

**RESPONSE:**

**REQUEST NO. 4:**    Each and every document, communication, memoranda, statement, letter, affidavit, writing, record or any other item, thing or material, whether handwritten, printed, typewritten, recorded or photocopied, which is either in Plaintiff's custody or the custody of any of Plaintiff's agents, representatives or attorneys which in any way pertains to Plaintiff's employment by FedEx, the employment by FedEx of any other employees, and the personnel policies and practices or business operations of FedEx.

**RESPONSE:**

**REQUEST NO. 5:**    All correspondence, documents, affidavits, statements, letters, memoranda, items, things or other materials which pertain to or relate to the allegations of Plaintiff's Complaint, whether such materials or things were prepared or made by Plaintiff or others including any statements, affidavits, letters, reports or other writings or materials relating to any claims or allegations of Plaintiff's Complaint or which support or tend to support them; and any damages, expenses or other costs claimed to have been suffered by Plaintiff as a result of those allegations.

**RESPONSE:**

**REQUEST NO. 6:**   Each and every document, memoranda, writing or thing without regard to its former format, upon which Plaintiff intends to rely to prove or substantiate the claims set forth in Plaintiff's Complaint filed against FedEx, including but not limited to Plaintiff's claims as to the value of the lost wages and any employment benefits Plaintiff contends were lost by Plaintiff by reason of the treatment about which Plaintiff complains.

**RESPONSE:**

**REQUEST NO. 7:**   Each and every tape recording of any conversation with any FedEx employee or former employee.

**RESPONSE:**

**REQUEST NO. 8:**   Each and every document identified by Plaintiff in her response to FedEx's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 9:**   Each and every document, including but not limited to employment applications and resumes prepared and/or submitted to any prospective employer or to any employment agency by the Plaintiff, or on her behalf, on or after Plaintiff's termination, up to the present.

**RESPONSE:**

**REQUEST NO. 10:** All records and documents, including without limitation notes, diaries, tapes, videos, calendars, checks, correspondence or logs which in any manner relate to, concern or touch upon (1) Plaintiff's employment with FedEx and/or the terms and conditions of her employment with FedEx; (2) any conversations, communications with or to Plaintiff or concerning Plaintiff by any FedEx employees, agents or representatives from the date of her employment with the Company up to the present; and (3) the subject matter of her lawsuit against FedEx.

**RESPONSE:**

**REQUEST NO. 11:** All documents, including but not limited to grievances, letters, notes, tapes, videos, calendars, diaries or logs which in any manner relate to, concern or touch upon any conversations or communications between Plaintiff and any other person, corporation or other entity concerning any matter raised in her Complaint.

**RESPONSE:**

**REQUEST NO. 12:** If Plaintiff has ever filed any lawsuits, grievances, fair employment practice charges, unemployment or worker's compensation claims, formal or informal, against any employer, including FedEx, provide all documents related to or pertaining to those proceedings.

**RESPONSE:**

**REQUEST NO. 13:** Produce, segregated by reference to the paragraphs in the Complaint, each record and document which relates to, concerns or touches upon each of

Plaintiff's allegations in (a) the numbered paragraphs of the Complaint filed in this lawsuit and (b) her claims for damages.

**RESPONSE:**

**REQUEST NO. 14:**  With respect to (a) Plaintiff's employment with FedEx and (b) the claims asserted in this lawsuit: produce each record and document that Plaintiff sent to or received from (1) the Company, (2) any state agency, (3) any federal agency and (4) anyone else.

**RESPONSE:**

**REQUEST NO. 15:**  If Plaintiff contends that she has attempted to mitigate her claimed losses since her termination, then please produce each and every document which in any manner relates to, concerns or touches upon that contention.

**RESPONSE:**

**REQUEST NO. 16:**  Each and every document Plaintiff took with her (a) when she left her employment with FedEx and/or (b) received after her separation from the Company.

**RESPONSE:**

**REQUEST NO. 17:**  Each and every document relating to the medical history of Plaintiff from 1997 to the present, including but not limited to (a) each document relating to medical and health care services provided to Plaintiff, segregating such documents by

14

health care provider and period of treatment; (b) each document relating to marital, family, social, psychological or psychiatric counseling or treatment; (c) each document concerning medical examination or diagnostic testing made for any purpose, including applications for health, disability or life insurance, worker's compensation claims, past illnesses, injury, training or mental depression; and (d) each document relating to the allegations set forth in the Complaint regarding Plaintiff's past and current mental and physical condition.

**RESPONSE:**


DATED: _____

Respectfully submitted,

Carl K. Morrison, Esquire
Tennessee Bar No. 16824
Federal Express Corporation
Legal Department
Building B, 3rd Floor
3620 Hacks Cross.
Memphis, TN 38125
Telephone: (901) 434-8552
Facsimile: (901) 434-9279

ATTORNEY IN CHARGE

Jaime Balli
Federal I.D. No. 15130
State Bar No. 01657980
Juan A. Gonzalez
Federal I.D. No. 3472
State Bar No. 08129310
ADAMS & GRAHAM, LLP
222 E. Van Buren, West Tower
Harlingen, Texas 78550
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

OF COUNSEL

ATTORNEYS FOR DEFENDANT
FEDERAL EXPRESS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT FEDERAL EXPRESS CORPORATION'S FIRST SET OF INTERROGATORIES AND COMPANION REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF has been served on the following counsel of record by depositing same in the United States Mail, first class, postage prepaid, this _10TH_ day of September, 2001:

> Miguel Salinas
> GARZA & SALINAS, LLP
> 680 E. St. Charles, Suite 110
> Brownsville, Texas 78520

405852

Legal Department
3620 ¡    Cross Road
3rd Floor, Building B
Memphis, TN 38125

Telephone 901.434.8600



Direct Line:
(901) 434-8552

E-Mail Address:
carl.morrison@fedex.com

**Via U. S. Mail and Facsimile: 1-956-541-2170**

December 4, 2001

Mr. Miguel Salinas, Esq.
Garza & Salinas, LLP
680 E. St. Charles, Suite 110
Brownsville, TX 78520

Re:    **Rose Garza  v.  Federal Express Corporation**
       **Case No. 2001-08-3658-B**
       **FedEx Matter No. 60-6686**

Dear Mr. Salinas:

We served our First Set of Interrogatories and Companion Requests for Production of Documents to Plaintiff on September 10, 2001 via first class U. S. mail. By my calculations, your responses would have been due October 15, 2001. To date, however, we have not received any response. Please let me know when we may expect responses, as well as convenient dates on which to conduct your client's deposition.

Should you have any questions, please give me a call.

Very truly yours,

**FEDEX EXPRESS**

Carl K. Morrison
Senior Attorney/Litigation

CKM/emb/Enclosures/416245

cc:    Jaime Balli, Esq.



EXHIBIT
2
Mtn toCompel

3820  . Cross Road
3rd Floor, Building B
Memphis, TN 38125



Express    Direct Line:
(901) 434-8552

E-Mail Address:
carl.morrison@fedex.com

3|19
&

**Via U. S. Mail**

March 11, 2002

Mr. Miguel Salinas, Esq.
Garza & Salinas, LLP
680 E. St. Charles, Suite 110
Brownsville, TX 78520

Re:    **Rose Garza  v.  Federal Express Corporation**
       **Case No. 2001-08-3658-B**
       **FedEx Matter No. 60-6686**

Dear Mr. Salinas:

    I write to you for a second time regarding discovery responses in the above matter.  As you are aware, we served our requests on you on September 10, 2001.  I wrote to you requesting responses on December 4, 2001.  To date, over six months since the service of our requests, we have still received nothing in response.

    Please let me know if Ms. Garza intends to go forward with her lawsuit.  If we have not received responses by March 25, we will be left with no choice but to file a motion to compel with the court and seek costs and fees associated with doing so.  In addition, I am enclosing a notice of Ms. Garza's deposition for Friday April 19 in Brownsville.  Please let me know if this date is inconvenient.

    I look forward to hearing from you soon regarding this matter.

                                        Very truly yours,

                                        **FEDEX EXPRESS**

                                        Carl K. Morrison
                                        Senior Attorney/Litigation

CKM/emb/Enclosures/423068

cc:    Jaime Balli, Esq. (via U. S. mail)



EXHIBIT
3
MtntoCompel